IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SUSAN M.**,[1]<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**NANCY A. BERRYHILL**, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 6:17-cv-01083-JR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on August 24, 2018. ECF 14. Magistrate Judge Papak recommended that the Commissioner's decision be affirmed.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

---

[1] In the interest of privacy, this Order uses only the first name and the first initial of the last name for non-governmental parties.

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 21. Plaintiff argues that the ALJ's findings lacked adequate specificity insofar as the ALJ found that Plaintiff had "merchandising sales" skills from her past relevant work, and then found that these skills would allow Plaintiff to perform other work. Plaintiff argues that "merchandising sales" is not sufficiently defined so as to fulfill the requirement that "specific findings on transferable skills are necessary even where the ALJ relies on the testimony of a VE." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). Plaintiff also argues that the Ninth Circuit's decision in *Lounsbury v. Barnhart* that a single identified occupation cannot constitute a "significant range of work" for the purpose of Rule 202.00(c) should be extended to this case. 468 F.3d 1111, 1116-17 (9th Cir. 2006). Plaintiff argues that in this case, two identified occupations, especially when one of those occupations

PAGE 2 – ORDER

includes just 3,500 jobs nationally, similarly cannot constitute a "significant range of work." The Court has reviewed *de novo* those portions of Magistrate Judge Papak's Findings and Recommendation to which Plaintiff has objected, as well as Commissioner's response. The Court agrees with Magistrate Judge Papak's reasoning regarding both objections and ADOPTS those portions of the Findings and Recommendation.

For those portions of Magistrate Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation, ECF 19. The Commissioner's final decision denying Plaintiff's application for disability insurance benefits and supplemental security income is AFFIRMED.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge